UNITED STATES v. M. FURUYA & CO.

(Circuit Court, W. D. Washington, N. D.   January 21, 1910.)

No. 1,334 (1,749).

CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—NORI—"SEAWEEDS CRUDE OR UN-
MANUFACTURED."

Nori, a seaweed gathered from the ocean and sun-dried, without the ad-
dition of any other substance and without being subjected to any other
process than spreading it on mats to facilitate drying, is "seaweeds
* * * crude or unmanufactured," within the meaning of Tariff Act July
24, 1897, c. 11, § 2, Free List, par. 617, 30 Stat. 199 (U. S. Comp. St. 1901,
p. 1685).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

On Application for Review of a Decision by the Board of United
States General Appraisers.

Elmer E. Todd, U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for
importers.

HANFORD, District Judge.   In this case the collector of customs
exacted payment of duty on the imported merchandise at the rate of
20 per cent. ad valorem under section 6 of the tariff act of 1897 (Act
July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), as
a nonenumerated manufactured article.   The importer paid the duty
under protest, contending that the merchandise is nondutiable under
paragraph 617, which reads as follows:

"617. Moss, seaweeds and vegetable substances, crude or unmanufactured,
not otherwise specially provided for in this act."

The Board of General Appraisers sustained that contention, and for
a reversal of that decision the collector of customs has appealed to
this court.

The uncontradicted evidence in the case proves that the merchandise
called "nori" is in fact seaweed gathered from the ocean and sun-
dried, without the addition of any other substance and without being
subjected to any process of manufacture other than to spread it on
mats to facilitate drying by the sun; and it is the opinion of the court
that the decision of the Board of General Appraisers holding that
the special enumeration of seaweed in paragraph 617 includes this
commodity, and that it belongs on the free list, is correct.

This case is easily distinguishable from Wilkens v. United States
(C. C.) 84 Fed. 152, in which case the commodity in question, called
"kittul," was fiber of the leaf stalks of the jaggery palm of East India,
which had been, before importation, improved by labor in combing it
between steel brushes with a little oil to soften it for taking out kinks
and curls, slightly coloring it, and making it straight for bunching by
lengths for brushes.

The court affirms the decision of the Board of General Appraisers.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes