UNITED STATES *v.* FURUYA & CO. (No. 1774).[1]

HOSHINORI—SEAWEED.

    Seaweed, dried, with nothing added to change its character, and packed in tin boxes as a convenient method of getting the product to market, is classifiable as crude seaweed (par. 552, tariff act of 1913), and not, by reason of being edible, as a vegetable (par. 200).

----

[1] Reported in T. D. 37109 (32 Treas. Dec., 372).

United States Court of Customs Appeals, March 26, 1917.

APPEAL from Board of United States General Appraisers, Abstract 40309.
[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Harry M. Farrell*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*Albert H. Washburn* and *J. Stuart Tompkins* of counsel) for appellee.

[Oral argument Feb. 14, 1917, by Mr. Hanson and Mr. Washburn.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise comes from Japan and bears the name of hoshinori, which may be translated as dried seaweed. It is used by some oriental people for culinary purposes. The collector assessed duty at the rate of 25 per cent ad valorem under the classification of prepared vegetables within paragraph 200 of the tariff act of 1913.

The importers protested, claiming free entry for the merchandise as crude seaweed under paragraph 552 of the act.

The protest was sustained by the Board of General Appraisers, and the Government appeals.

The two paragraphs just cited read as follows:

200. Vegetables, if cut, sliced or otherwise reduced in size, or if packed or roasted, or if pickled, or packed in salt, brine, oil, or prepared in any way; any of the foregoing not specially provided for in this section, and bean stick or bean cake, miso, and similar products, 25 per centum ad valorem.

552. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this section.

If the merchandise in question be in fact crude seaweed it would manifestly be entitled to free entry under the *eo nomine* provision therefor in the latter paragraph just copied. This becomes therefore the controlling question in the case.

It appears from the record that seaweed consisting of innumerable small leaves is found upon the shores of Japan. This is scooped by hand from the water, and poured into boxes which are about an eighth of an inch deep and about 8 inches square. When the boxes are filled with the seaweed each is loosely covered with a thin bamboo mat. They are then stacked one upon another and allowed to stand in the sun until they become dry. The seaweed when thus dried has the appearance of a thin, solid sheet of material. A dozen of these sheets are folded together and placed in a paper wrapper; these bundles are then packed into a tin box about 3 feet long, 2 feet high, and 18 inches in width, holding about 8 pounds of the article. The cover of this box closes by sliding in a groove, and paper is glued along the edges thereof to exclude moisture. It was in such packages that the seaweed now in question was imported into this country.

Upon these facts the board found that the imported seaweed was crude, within the purview of paragraph 552, *supra;* and we agree with

that conclusion. No foreign substance has been added to the seaweed; nor has it been processed or prepared in any manner, except by simply placing it in boxes and permitting the water to ooze from it until it became dry. This treatment and the method of packing the article for shipment seem to be nothing more than is necessary in order to get the crude seaweed into the market. If the imported sheets be soaked in water the original leaves or shreds of seaweed will resume their former shapes, and, according to a witness, "you can see all the pieces as it comes from the beach; you can see this same identical thing as is here by going out on the beach." It seems clear that a process which does not change the character of the seaweed in any particular, but simply dries it for the purpose of packing and transporting it in boxes like those above described, does not withdraw the article from the favor of the free-entry paragraph.

In the case of United States *v.* M. Furuya & Co. (176 Fed., 480) the Circuit Court, Western District of Washington, had before it certain seaweed called "nori," for which free entry was claimed by the importers under a provision for crude seaweeds identical with that in the present act. The court held as follows:

The uncontradicted evidence in the case proves that the merchandise called "nori" is in fact seaweed gathered from the ocean and sun-dried, without the addition of any other substance and without being subjected to any process of manufacture other than to spread it on mats to facilitate drying by the sun; and it is the opinion of the court that the decision of the Board of General Appraisers holding that the special enumeration of seaweed in paragraph 617 includes this commodity, and that it belongs on the free list, is correct.

The description of the article involved in the foregoing case establishes its substantial identity with the present importation, and our conclusion is in line with the decision of the court therein.

The decision of the board is *affirmed.*