## SUN KWONG ON *v.* UNITED STATES (No. 17).[1]

CUT CABBAGES, PARTIALLY DRIED AND SALTED—PREPARED VEGETABLES.

Cabbages cut, partially dried, salted, and rolled into balls or put up in hanks or bundles are dutiable as prepared or preserved vegetables under paragraph 241 of the tariff act of 1897.—United States *v.* Strohmeyer & Arpe Co. (167 Fed. Rep., 533) distinguished.

### United States Court of Customs Appeals, June 22, 1910.

TRANSFERRED from the United States Circuit Court of Appeals, Second Circuit (T. D. 30128).

[Affirmed.]

*Joseph G. Kammerlohr* (*John Giblon Duffy* of counsel) for appellant.
*D. Frank Lloyd,* Assistant Attorney General (*W. A. Robertson,* special attorney, on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

This cause was transferred from the United States Circuit Court of Appeals for the Second Circuit, and is an appeal from the judgment

---

[1] Reported in T. D. 30775 (19 Treas. Dec., 781)

of the United States Circuit Court for the Southern District of New York. The circuit court affirmed the decision of the Board of General Appraisers so far as it relates to any issue before this court.

The merchandise in question is a cabbage grown in China, which, after having there been treated as hereinafter stated, is rolled into ball form or tied up in hanks or bundles and imported. This cabbage was assessed at 40 per cent ad valorem under paragraph 241 of the act of July 24, 1897, the material part of which is as follows:

241. * * * All vegetables, prepared or preserved, including pickles and sauces of all kinds, not specially provided for in this act, and fish paste or sauce, forty per centum ad valorem.

The importer claims it dutiable only under paragraph 257 of the same act, which is as follows:

257. Vegetables in their natural state, not specially provided for in this act, twenty-five per centum ad valorem.

The question here is whether this cabbage is, within the meaning of the statute, a vegetable prepared or preserved, or in its natural state.

The Board of General Appraisers and the circuit court both found upon the same evidence against the importer.

We think the evidence incorporated in this record fully warrants this finding. Therefrom it appears that before importation these cabbages are cut, dried partially at least, salted, and then rolled into balls or put up in hanks or bundles. The salt is applied for the purpose of seasoning the cabbage for cooking purposes, and also, and as we conclude, mainly for the purpose of preserving it, and the testimony of the witnesses, as well as the exhibit itself, seems to justify the conclusion that by reason of this salting the cabbage is indefinitely preserved and for a time much longer than that required for transportation.

The importer relies largely upon the authority of United States v. Strohmeyer & Arpe Co. (167 Fed. Rep., 533) to support his contention that this cabbage should be classified as vegetables in their natural state.

With reference to that case, it is sufficient to observe that it there appeared that the merchandise, cauliflower in its natural state, would not keep more than two or three days in warm weather, and that, for the purpose of preserving it during transportation and allowing it to retain the form nature gave it, the cauliflower was immersed in a weak brine which was not capable of preventing decay for any appreciable length of time. Such is not the case at bar.

The judgment of the circuit court is *affirmed*.