VITELLI *v.* UNITED STATES (No. 145).  ROSSANO *v.* UNITED STATES (No. 146).  AFELTRA *v.* UNITED STATES (No. 147).[1]

CANNED TOMATOES AND ARTICHOKES.

Vegetables that have been packed in tin cans and subjected to heat to expel the air, then hermetically sealed and again heated for the purpose of sterilization, are not vegetables in the natural state, but are prepared vegetables, and were dutiable under paragraph 241, tariff act of 1897.—United States *v.* Strohmeyer (167 Fed. Rep., 533) distinguished.

United States Court of Customs Appeals, February 1, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 21572 (T. D. 29906).

[Affirmed.]

*Brown & Gerry* for appellants.

*D. Frank Lloyd*, Assistant Attorney General (*William K. Payne* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

The importations involved in these three protests are canned tomatoes and artichokes from Italy and entered at the port of New York in 1908. They were assessed for duty under paragraph 241 of the tariff act of 1897, the material part of which is as follows:

241. * * * All vegetables, prepared or preserved, including pickles and sauces of all kinds, not specially provided for in this act, and fish paste or sauce, forty per centum ad valorem.

---

[1] Reported in T. D. 31274 (20 Treas. Dec., 231).

The appellants claim the same are dutiable under paragraph 257 of the same act, which reads as follows:

257. Vegetables in their natural state, not specially provided for in this act, twenty-five per centum ad valorem.

Evidence was offered before the board by the importers to sustain the protests, and was met by that of the Government to support the legality of the collector's classification and assessment.

The material part of the opinion of the board by General Appraiser Waite was as follows:

* * * The testimony taken, it is agreed, shall apply to the various protests herein enumerated. Very little testimony seems to have been given directly upon the treatment of the artichokes. However, samples of the artichokes, the peeled tomatoes, and those that are unpeeled, have been introduced in evidence. The question turns upon the amount of manipulation or preparation which has been given to the products. A fair preponderance of the evidence, we think, shows this treatment to have been, first, a washing of the vegetables, and in the case of the peeled tomatoes, a short immersing in hot water to facilitate the removal of the skins; after which they are placed in cans, subjected to heat to expel the air, then hermetically sealed and subjected to further heat for the purpose of sterilizing. The amount of heat and the treatment in canning the tomatoes and the artichokes appear to have been the same. An inspection of the goods imported reveals the fact that they are cooked. This inspection, together with the evidence in the case, satisfies us that they are prepared for the table, unless, perchance, it may be necessary to heat them and add seasoning. We think they are far removed from vegetables in their natural state, and to hold otherwise would be to render practically inoperative the paragraph providing for prepared vegetables.

The contention of the appellants here is that the vegetables are not prepared or preserved, but are in their natural state, and they rely principally upon the case of United States v. Strohmeyer & Arpe Co. (167 Fed. Rep., 533) to sustain their claim. In that case, as appears by the opinion, cauliflower had been trimmed, washed, and packed in weak brine for preservation during transportation, and the Circuit Court of Appeals held that such treatment did not bring the commodity within the meaning of paragraph 241 as a prepared or preserved vegetable.

In the case at bar the board has found that the tomatoes, after having been washed, in some cases being peeled and in others not, were placed in tin cans, subjected to heat to expel the air, then hermetically sealed and further heated for the purpose of sterilizing; that the amount of heat and the treatment in canning the tomatoes and artichokes appears to have been the same; that an inspection of the goods imported reveals the fact that they were cooked and that they were prepared for table use, unless it is necessary to heat and add seasoning.

The oral evidence upon which these findings are reached is conflicting, but an examination thereof satisfies us that by a fair preponderance it supports the findings of the board.

It appears that by hermetically sealing the tin cans and sterilizing the contents preserves them until the cans are opened for use, and, in addition, the commodities are partially if not wholly prepared for table use except the addition of the necessary seasoning.

Instead of being subject to decay, as would be the case if the importations were in their natural state, they are indefinitely preserved as the result of the treatment to which they have been subjected, and this preservation is not limited to the time required for transportation. We do not think that vegetables in this condition are in their natural state within the fair meaning of paragraph 257, but, as the board concluded, they are far removed from that condition. The result is that the judgment of the board is *affirmed*.