UNITED STATES v. DE BOER & DIK (No. 1448).[1]

1. BEANS.
    The word "beans" appearing in the tariff act of 1897 was continued in the act of 1909, and this continuance carries the presumption that the term was there employed in the sense affixed by judicial interpretation.

2 BEANS, PREPARED
    These young, green beans, after being cut and shredded, are placed in barrels, and salt is put over them. The juices of the vegetable mixing with the salt form a brine, and this brine, by the record, acted as a preservative. The importation was of prepared vegetables, and they were dutiable as such.—Sun Kwong On v. United States (1 Ct. Cust. Appls., 17; T. D. 30775).

United States Court of Customs Appeals, March 25, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36166 (T. D. 34668).
    [Reversed.]

Bert Hanson, Assistant Attorney General (Charles E. McNabb, assistant attorney, of counsel), for the United States.
Comstock & Washburn (J. Stuart Tompkins on the brief) for appellees

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court.
    The importation consists of string beans which, after treatment more specifically hereinafter described, are imported in barrels. The

[1] Reported in T. D. 35273 (28 Treas. Dec., 526).

applicable provisions of the act of 1909 in force at the date of the importation are paragraph 251—

Beans, pease, mushrooms, and truffles, prepared or preserved, or contained in tins, jars, bottles, or similar packages, two and one-half cents per pound, including the weight of immediate coverings; * * *.

And paragraph 252—

Vegetables, if cut, sliced, or otherwise reduced in size, or if parched or roasted, or if pickled or packed in salt, brine, oil, or prepared in any way; any of the foregoing not specially provided for in this section, * * * forty per centum ad valorem.

The board held that paragraph 251 did not apply; that the beans provided for in that paragraph are beans when shelled, and not including the pod. In this we think if should be held that the board erred.

In G. A. 3979 (T. D. 18523) the board, construing a provision for "beans, 20 per cent ad valorem," in competition with a provision for "vegetables in their natural state," held that string beans fell within the former paragraph. The word "beans" was continued in the act of 1897 and is carried into paragraph 251 of the act of 1909, above quoted. The continuance of this term in the later tariff laws carries a strong presumption that it was employed in the sense affixed by judicial interpretation. Latimer *v.* United States (223 U. S., 501, 504).

The importers' chief contention in this court is that, assuming paragraph 251 to cover string beans, there has been no such treatment bestowed upon those here in question as to constitute them beans prepared or preserved, and that therefore they should be classified as vegetables packed in salt. It is frankly conceded by importers' counsel that if the articles are held to be beans within the meaning of paragraph 251, and are also held to be prepared or preserved within the meaning of those terms as there employed, that paragraph is more specific than paragraph 252, as in the latter paragraph there is no *eo nomine* provision for the product in question. But it is insisted that these beans are not prepared or preserved, and upon this question the case must turn.

The board stated the facts as follows:

The commodity in question in this case consists of string beans, which were apparently quite young when they were gathered. They are shredded, which operation has reduced them in size, and in many cases cut the green bean into parts. They are imported in barrels, and we are informed by the testimony in the case that after being cut or shredded they are placed in barrels and salt is put over them. The action of the salt on the green bean causes the juice to exude from the bean and form a brine, which is very apparent as a preservative when imported. Their use is the same, apparently, as fresh string beans, that is, they are used on the table as a vegetable.

This finding is fully supported by the record. True, the witness for the importer states on direct examination in describing the commodity:

It is a sliced bean in its natural condition, salted to keep it from decaying and to keep it in its natural condition.

But on cross-examination he was asked:

Q. The salt is put there to preserve the bean?—A. Yes, sir.

Q. And the moisture from the green parts makes the brine?—A. Yes, sir.

Q. So up to the time you get them the salt is turned into a liquid and this brine acts as the preserving agent?—A. Yes, sir.

An inspection of the sample discloses that the beans are in form ready for table use, requiring nothing more than cooking and possibly some additional seasoning.

We think these beans are prepared, and the testimony shows that salt is used as a preservative also. The case of Sun Kwong On v. United States (1 Ct. Cust. Appls., 17; T. D. 30775) is in point. The commodity there considered was described as follows:

Before importation these cabbages are cut, dried partially at least, salted, and then rolled into balls or put up in banks or bundles. The salt is applied for the purpose of seasoning the cabbage for cooking purposes, and also, as we conclude, mainly for the purpose of preserving it, and the testimony of the witnesses, as well as the exhibit itself, seems to justify the conclusion that by reason of this salting the cabbage is indefinitely preserved and for a time much longer than that required for transportation.

The court in that case distinguished the case of United States v. Strohmeyer & Arpe Co. (167 Fed., 533) by saying:

It is sufficient to observe that it there appeared that the merchandise (cauliflower in its natural state) would not keep more than two or three days in warm weather, and that, for the purpose of preserving it during transportation and allowing it to retain the form nature gave it, the cauliflower was immersed in a weak brine which was not capable of preventing decay for any appreciable length of time.

The present case is distinguishable on like grounds, and the case of Sun Kwong On must be held controlling.

The decision is *reversed*.