TOGASAKI & CO. ET AL. *v.* UNITED STATES (No. 2424).[1]

1. NORI TSUKUDANI—SEAWEED.

Seaweed which has been dried, cut up, cooked with shoyu and sugar, and canned, known as nori tsukudani and eaten as a vegetable, is not classifiable under paragraph 372, tariff act of 1913, as "seaweeds  *  *  *  manufactured."—Ishimitsu *v.* United States (11 Ct. Cust. Appls. 186; T. D. 38963).

2. CONSTRUCTION, PARAGRAPH 552, TARIFF ACT OF 1913—CRUDE OR UNMANUFACTURED.

In the provision of paragraph 552, tariff act of 1913, for "seaweeds  *  *  *  crude or unmanufactured," the word "crude" has no application to an article which has been processed so far as to fit it for its chief or only use.  The word "crude" and the word "unmanufactured" are not synonymous; and merchandise may be neither.

3. CONSTRUCTION—RELATIVE SPECIFICITY.

The provision of paragraph 200, tariff act of 1913, for "vegetables, if cut, sliced, or otherwise reduced in size  *  *  *  or prepared in any way" is more specific than that of paragraph 552 for "seaweed  *  *  *  unmanufactured."

4. VEGETABLE.

The meaning of the word "vegetables" in the tariff law is not limited to such as grow in a vegetable garden.  Whether a certain vegetable product is or is not a vegetable depends upon the use to which it is or may be put; and each case must depend upon its own facts.

5. NORI TSUKUDANI—CANNED AND COOKED SEAWEED.

Nori tsukudani, seaweed which has been dried, cut up, cooked with shoyu and sugar, and canned, is classifiable under paragraph 200, tariff act of 1913, as prepared vegetables.  It is not an unenumerated article under paragraph 385.

## United States Court of Customs Appeals, February 4, 1925

APPEAL from Board of United States General Appraisers, G. A. 8788 (T. D. 40161)

[Affirmed.]

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Margaret M. Burnet*, special attorneys, of counsel), for the United States.

[Oral argument Jan. 13, 1925, by Mr. Charles D. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The evidence shows that the material imported in this case is a Japanese food product called "nori tsukudani."  It is prepared as follows: An edible salt water seaweed, called "nori," sometimes growing wild, sometimes cultivated, is cut from the rocks upon which it grows, with knives.  The leaves of the plant are then washed in fresh water, sun dried and cut into pieces about an inch long.  These are cooked for about 10 minutes with shoyu and sugar, the

---

[1] T. D. 40667.

material then placed in tin cans and again boiled, after which the cans are hermetically sealed. The product contains about 85 per cent nori, 12 per cent shoyu and 3 per cent sugar. It is eaten "the same as a vegetable," and with rice, as shown by the testimony of the importers' witness, Sokurai.

The collector classified the importation as prepared vegetables, under paragraph 200, act of October 3, 1913, which paragraph reads as follows:

200. Vegetables, if cut, sliced, or otherwise reduced in size, or if parched, roasted, or if pickled, or packed in salt, brine, oil, or prepared in any way; any of the foregoing not specially provided for in this section, and bean stick or bean cake, miso, and similar products, 25 per centum ad valorem.

The importers claim the goods to be free of duty under paragraph 552 of said act, or if not, then, in the alternative, subject to a duty of 10 per cent ad valorem under paragraph 372, or 10 per cent or 15 per cent under paragraph 385, or by similitude to the products mentioned in paragraph 385, under paragraph 386.

Said paragraphs 552, 372, and 385 are as follows:

552. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this section.

372. Moss and sea grass, eelgrass, and seaweeds, if manufactured or dyed, 10 per centum ad valorem.

385. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for in this section a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

On appeal to the Board of General Appraisers, that board sustained the classification of the collector, and rendered judgment accordingly, from which judgment importer appeals.

In Ishimitsu v. United States (11 Ct. Cust. Appls. 186; T. D. 38963), this court had under consideration an importation of nori tsukudani, the only difference being that in the Ishimitsu case it was not shown any sugar was used in preparing the material. The importer in his protest in that case claimed his merchandise was free, as "seaweeds, * * * crude or unmanufactured," under paragraph 552 of the act of October 3, 1913, or alternatively, assessable under paragraph 372, as "seaweeds, * * * manufactured." On the hearing in this court, importer did not insist on his claim under paragraph 552; the collector had classified the goods as "vegetables, prepared," under paragraph 200. The court held that the merchandise could not be held to be "seaweeds, manufactured," and sustained the classification. There is nothing in that case which can be held as intimating, in any way, that the court was favorably disposed toward the view that the merchandise was "seaweeds, * * * crude or unmanufactured."

Treating the decision in the Ishimitsu case, supra, therefore, as stare decisis as to importers' claim under paragraph 372, the remaining inquiry is whether the merchandise is properly classifiable as "vegetables, prepared," under paragraph 200, or "seaweeds, * * * crude or unmanufactured," under paragraph 552, or "unenumerated articles," under paragraph 385.

If the merchandise is properly classifiable under either paragraph 200 or paragraph 552, it will not be classifiable under paragraph 385, as an unenumerated article.—Wolff *v.* United States (71 Fed. 291).

Our first inquiry, therefore, is whether the merchandise here is "seaweeds, * * * crude or unmanufactured." Appellee argues that some further processing may be necessary to make this nori tsukudani fit for human consumption and under the authority of United States *v.* Danker & Marston (2 Ct. Cust. Appls. 522; T. D. 32251) and other cases, the merchandise may be therefore considered as "crude." If further processing was necessary, the burden was upon the importers to show it in the court below. The only witness testified the nori was cooked and was to be eaten "the same as a vegetable," which carries no imputation of the necessity of further processing. So far as the record goes, the merchandise is cooked and fit for food, in its present condition.

The word "crude," has been defined so many times by the courts as to require but little citation of authority here. It has been held to mean, when applied to the name of anything, that this thing, however much it may be processed, if, as a matter of fact, it must go through some additional process of substantial preparation or manufacture in order to fit it for its chief or only use, is, so far as that use is concerned, a crude article.—United States *v.* Danker & Marston (2 Ct. Cust. Appls. 522 [524]; T. D. 32251); United States *v.* American Chicle Co. (10 Ct. Cust. Appls. 98; T. D. 38360); United States *v.* Rice Co. (9 Ct. Cust. Appls. 165; T. D. 37998). The merchandise imported in this case is, therefore, not crude.

But it is contended by counsel for appellee that the words "crude" and "unmanufactured," as used in paragraph 552, are not synonymous; that inasmuch as this court has held in the Ishimitsu case that the nori in issue is not manufactured seaweed, it must be unmanufactured seaweed; and, finally, that the eo nomine provision for unmanufactured seaweed, in paragraph 552, is more specific than the provision for prepared vegetables in paragraph 200.

It must be conceded that the words "crude" and "unmanufactured," as used in paragraph 552, are not synonymous, for we have seen that an article may be manufactured and yet be crude.—United States *v.* Danker & Marston, supra. But it does not follow because an article is not manufactured, in a tariff sense, that, therefore, it is unmanufactured. It may be neither; and it is to be con-

sidered as neither, if there is some other classification in which it more properly belongs.

Conceding that the seaweed in question is not manufactured, it is obviously not in its natural condition. It has been advanced, treated and processed. It has been cut and reduced in size, treated with shoyu sauce and sugar, cooked and prepared for food and is far removed from its original condition. It seems apparent that if the seaweed may be considered as a vegetable when thus prepared it is more specifically described as "vegetables, if cut, sliced or otherwise reduced in size * * * or prepared in any way," than as "seaweed, * *. * unmanufactured."

But one inquiry remains: Is this seaweed a vegetable, as defined by our customs laws?

Counsel for appellee relies upon Nix v. Hedden (149 U. S. 304), in support of his contention that it is not a vegetable. In that case the claim was made that tomatoes were fruit, not vegetables, and the court said:

Botanically speaking, tomatoes are the fruit of a vine, just as are cucumbers, squashes, beans, and peas. But in the common language of the people, whether sellers or consumers of provisions, all these are vegetables, which are grown in kitchen gardens, and which, whether eaten cooked or raw, are, like potatoes, carrots, parsnips, turnips, beets, cauliflower, cabbage, celery, and lettuce, usually served at dinner in, with or after the soup, fish, or meats which constitute the principal part of the repast, and not, like fruits generally, as dessert.

It is argued from this language, that, if the article in question in a case is not grown in a kitchen garden, it can not be a vegetable. The Supreme Court did not so hold. It will be observed the language is "all these are vegetables, which are grown in kitchen gardens," and not "only these are vegetables, which are grown in kitchen gardens." It does not follow that many other things might not also be vegetables. It is true that thereafter this court, in Pierce v. United States (1 Ct. Cust. Appls. 171 [175]; T. D. 31215), referring to the opinion in Nix v. Hedden, supra, said:

This definition by the court of last resort limits the scope of the words used in the tariff act of 1883 to such vegetables as are ordinarily grown in the garden and used upon the table for food purposes.

In so far as this language holds that no vegetable product may be considered a vegetable which is not grown in a vegetable garden, it must be considered as modified by the subsequent decisions of this court. Since the decision in Pierce v. United States, supra, this court has found it necessary, on many occasions, to pass upon questions as to whether certain vegetable products are vegetables, and, in each case, as its primary inquiry, has attempted to ascertain the use to which such vegetable product may be put. Thus the rule of law has been evolved which we think controls here, that whether a

certain vegetable product is, or is not, a vegetable, depends upon the use to which it is or may be put. This rule was expressed fairly in Austin, Nichols & Co. *v.* United States (4 Ct. Cust. Appls. 313 [314]; T. D. 33519), where we said:

Preliminarily, it should be observed that in Nix *v.* Hedden * * *, and numerous other cases, it has been held that what constitutes a vegetable or a vegetable prepared, as these terms are used in said paragraph 252 and tariff acts generally, was determined by the use of the articles, whether served with, and to be eaten as a part of the meal, or as a condiment for flavoring, or as a relish, or a similar purpose.

This has been the holding in United States *v.* Shing Shun & Co. (2 Ct. Cust. Appls. 388; T. D. 32113); United States *v.* Wallace (4 Ct. Cust. Appls. 142; T. D. 33413); Austin, Nichols & Co. *v.* United States (6 Ct. Cust. Appls. 9; T. D. 35249), and United States *v.* Coroneos Bros. (9 Ct. Cust. Appls. 220; T. D. 38198).

It is not a matter of importance, in view of these decisions, where a certain product of the vegetable kingdom grows, in the consideration of whether it is or is not a vegetable. It may grow in the garden, it may grow in the fields; it may be cultivated, it may be wild. It may be a product of our country or it may be indigenous to other lands. If it is eaten as a food and as other well-known vegetables, it is a vegetable. To hold that a vegetable was only such as grew in the kitchen garden would exclude many common and nourishing foods, such as the familiar "greens," composed of the foliage of wild plants of the fields and roadsides. It would exclude the new plant-food products which are often appearing in our markets, and lose sight of the efforts which the Department of Agriculture of our Government is constantly making to introduce among our people as food new and hitherto unknown vegetable products from other lands. In view of these considerations, it is not possible to define the term "vegetables," as used in paragraph 552, and similar sections, with any hard and fast definition. Each case must depend upon its own facts.

Questions relative to the classification of edible seaweed have been before the Board of General Appraisers and this court on several occasions. Where the seaweed or nori has not been processed, but dried only, it has been classified as seaweed. crude or unmanufactured.—United States *v.* Furuya & Co. (7 Ct. Cust. Appls. 495; T. D. 37109); United States *v.* Ohashi Importing Co. (7 Ct. Cust. Appls. 487; T. D. 37106); T. D. 24151 (6 Treas. Dec. 35); T. D. 30615 (19 Treas. Dec. 512). But where the nori has been processed and canned, it has been classified as "vegetables, prepared."—T. D. 30615 (19 Treas. Dec. 511); T. D. 32858 (23 Treas. Dec. 245); Ishimitsu *v.* United States (11 Ct. Cust. Appls. 186; T. D. 38963).

Upon the facts, as shown in this case, we are of opinion that the seaweed in question is a vegetable. It is prepared, under the hold-

ings in Vitelli *v.* United States (1 Ct. Cust. Appls. 237; T. D. 31274); United States *v.* DeBoer (6 Ct. Cust. Appls. 30; T. D. 35273), and many other cases. This being true it is unnecessary to examine further the claim that the importation is an unenumerated article under paragraph 385. Therefore, the importation was properly classified and the judgment of the Board of General Appraisers is *affirmed.*