UNITED STATES *v.* ALBERS BROS. MILLING CO. AND GEO. S. BUSH & CO. (No. 3455)[1]

United States Court of Customs and Patent Appeals, October 26, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty* and *Ralph Folks*, special attorneys, of counsel), for the United States.

*Lawrence & Baldwin* (*Martin T. Baldwin* of counsel) for appellees.

[Oral argument October 6, 1931, by Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:[2]

This appeal involves the proper dutiable classification of Manchurian kaoliang (millet seed), imported through the ports of San Francisco, Calif., and Portland, Oreg.

The merchandise was classified and assessed for duty as a non-enumerated manufactured article at 20 per centum ad valorem under paragraph 1459 of the Tariff Act of 1922.

At the hearing below and here appellees stressed their claims in the protest that the merchandise should be free of duty under paragraph

---

[1] T. D. 45226.
[2] Rehearing denied.

1622 of said act as a crude vegetable substance, or dutiable under the 10 per centum provision of paragraph 1459 as a nonenumerated unmanufactured article. The other claims in the protest, if not abandoned, are so inapt as to require no consideration here.

The two paragraphs read as follows:

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1622. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for.

The United States Customs Court, Third Division, sustained the protest of the importer and held the merchandise to be free of duty as a crude vegetable substance under paragraph 1622, and from the judgment of said court the Government has appealed here.

In this court the Government has suggested, in argument, that if the merchandise is not dutiable under the 20 per centum provision of paragraph 1459 as assessed, it comes within the provision of paragraph 761 as "millet," or is covered by the term, "all other garden and field seeds not specially provided for," in paragraph 762.

The record shows that the kaoliang is a seed or grain used for feeding cattle and poultry and in this country is usually ground before feeding, but that it is sometimes fed whole; that the seed, before exportation from the country of origin, is kiln-dried in kilns sent to the Orient from this country for that purpose; that the purpose of the drying is to remove the excessive moisture and thus avoid heating or fermentation during the ocean voyage, which, in some instances, the record states, covers a period of 31 days. It is also stated in the testimony that the drying may have some effect toward destroying insects, but that the grain is not sufficiently heated to destroy their eggs. It is also presumed, according to the Government's contention, that the removal of the excessive moisture brings about a saving of freight, owing to the decreased weight. It is conceded that the grain has lost its germinating qualities and could not be used for planting. The evidence is to the effect that, for the purposes for which the importation was used, a sun-dried millet is better than a kiln-dried millet, and that the kiln-drying, except for the purpose of better preparing the millet for transportation, is a detriment to it rather than an advancement toward its final use.

Under the decisions of this court, and especially the decision in the case of *Brown & Co.* v. *United States*, 14 Ct. Cust. Appls. 96, T. D. 41588, we think it clear that if the importation can not be regarded for dutiable purposes as garden or field seeds under paragraph 762, it would follow that it can not be millet or grass seeds under paragraph

761. The Government has pointed out the proviso of paragraph 762 which is as follows:

\* \* \* *Provided,* That the provisions for seeds in this schedule shall include such seeds whether used for planting or for other purposes.

It will be noted that the proviso says "in this schedule" and therefore applies to both paragraphs 761 and 762. Since we held in *Brown & Co.* v. *United States, supra,* that lotus-lily seeds, which had been specially treated to destroy their germinating properties, were not seeds, we think it must follow that the merchandise at bar has, by the treatment given, been removed from that category.

We do not believe the merchandise responds to the provision in the free list for "vegetable substances, crude." It seems to be the contention of appellees that since the millet seeds are no longer seeds for planting purposes and are vegetable in origin and nature, they are for this reason to be regarded as crude, although it is clear that prior to the kiln treatment they could not be so regarded for tariff purposes.

We can not agree that grains and seeds which have a dutiable status before treatment can be rendered crude and free of duty by a subsequent treatment such as is shown in connection with the merchandise at bar. *Bush & Co.* v. *United States,* 12 Ct. Cust. Appls. 22, T. D. 39894; *Tower & Sons* v. *United States,* 11 Ct. Cust. Appls. 489, T. D. 39629; *Schade & Co.* v. *United States,* 5 Ct. Cust. Appls. 465, T. D. 35002.

In the *Bush & Co.* case, *supra,* cleaned rice, which had been damaged by fire, water, and steam, was held not to be a crude vegetable substance but cleaned rice.

In *Tower & Sons* v. *United States, supra,* wheat, which had been damaged by fire and was no longer fit for human food, and used only for chicken feed, was still regarded as wheat.

In *Schade & Co.* v. *United States, supra,* Manitoba wheat, suitable only for animal food, was held to be wheat rather than a nonenumerated manufactured article.

The Government points to the two latter cases as probably indicating that the proper classification of the imported merchandise at bar should be millet under paragraph 761 or "all other garden and field seeds not specially provided for," under paragraph 762. The difficulty with this position is that the seeds provided for in these paragraphs, as far as affects the issue herein involved, are only to be regarded as seeds if they still retain their germinating qualities.

We think the proper dutiable classification of the merchandise at bar should be as a nonenumerated unmanufactured article, dutiable at 10 per centum ad valorem under paragraph 1459.

The Government contends that, if the merchandise is dutiable under paragraph 1459, it is dutiable as assessed, as a manufactured

article, and argues that the kiln-drying of the millet seed is a manufacturing process.

It is conceded that for any purpose for which the merchandise was used in this country, the processing, that is, the kiln-drying, did not advance the material further toward its final use than it was before it received the treatment, and that the sole purpose of the kiln-drying, which necessarily required considerable labor and expense, was preparing the same for transportation, and that without such processing, if it contained as much as 15 per centum moisture, fermentation or heating of the same would result.

Under the authorities we do not regard this statement of facts as warranting the conclusion that the importation has been manufactured, within the meaning of the paragraph. *United States* v. *C. J. Tower & Sons*, 17 C. C. P. A. (Customs) 90, T. D. 43427; *Aetna Explosives Co.* v. *United States*, 9 Ct. Cust. Appls. 298, T. D. 38238; *United States* v. *American Chicle Co.*, 10 Ct. Cust. Appls. 98, T. D. 38360; *Gudewill & Bucknall* v. *United States*, 142 Fed. 214; and *Bernard, Judae & Co.* v. *United States*, 14 Ct. Cust. Appls. 323, T. D. 41957.

In *United States* v. *C. J. Tower & Sons, supra*, this court held that waste shavings of wood which had been subjected to a grinding process for the sole purpose of facilitating their transportation, without advancing them in condition for their ultimate use, did not change them from the status of waste into a manufactured article.

The same was the effect of the holding in the other above-cited cases. In *Bernard, Judae & Co.* v. *United States, supra*, this court held that the subjection of natural leaves to sulphur fumes, and bleaching and drying same for preservation during transportation, did not remove them from their crude state and give same the character of manufactured articles.

We conclude, therefore, that the merchandise at bar should have the dutiable status as a nonenumerated unmanufactured article, and be assessed with duty at 10 per centum ad valorem under paragraph 1459 of the Tariff Act of 1922, and the judgment of the United States Customs Court is *reversed*, and the cause *remanded* for proceedings consistent with the views herein expressed.