UNITED STATES *v.* CHILI PRODUCTS CORP. (GUY B. BARHAM CO.)
(No. 3883) [1]

United States Court of Customs and Patent Appeals, November 25, 1935

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Richard E. FitzGibbon*, special attorney, of counsel), for the United States.

*Lawrence A. Harper* for appellee.

[1] T. D. 48052.

[Oral argument October 7, 1935, by Mr. Lawrence; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, holding certain dried marjoram leaves, imported in bales, which, according to the entry as liquidated, weighed approximately 70 pounds each, free of duty under paragraph 1722 of the Tariff Act of 1930, as vegetable substances, crude or unmanufactured, as claimed by appellee, rather than dutiable as spices, not specially provided for, at 25 per centum ad valorem under paragraph 781 of that act, as assessed by the collector at the port of Los Angeles.

The pertinent part of paragraph 781, and paragraph 1722, read respectively as follows:

PAR. 781. * * * spices and spice seeds not specially provided for, including all herbs or herb leaves in glass or other small packages, for culinary use, 25 per centum ad valorem * * *.

PAR. 1722. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for.

On the trial in the Customs Court, it was stipulated that the involved merchandise was "dried marjoram leaves in bales."

No evidence was submitted by either party.

It is contended by counsel for appellant that the imported merchandise is a spice, and dutiable as such under paragraph 781, *supra*, and that the United States Customs Court so held in the case of *Cacciola Bros.* v. *United States*, 65 Treas. Dec. 593, T. D. 46984, decided April 4, 1934.

In that case the court found from the evidence that the marjoram there involved was imported in small bunches, "each bunch containing approximately 50 stems with leaves attached"; that marjoram was a crude herb; that it was imported in its natural state, and was used as a flavoring in cooking. The court quoted the following excerpt from the Summary of Tariff Information, 1929, Vol. 1, page 1511:

The more important of the spices not specially provided for are thyme leaves, marjoram leaves, and bay leaves. They are all used for flavoring foods; in the pickling industry; and medicinally * * *.

and, upon the authority thereof, held that the marjoram there involved was a spice. The court further held that, as the merchandise was an herb, imported in small packages, and used for culinary purposes, it was included within the provision for herbs in paragraph 781, *supra*.

It is also contended by counsel for the Government that the record is not sufficient to establish that the imported merchandise is crude

or unmanufactured, within the meaning of those terms as used in paragraph 1722, *supra*.

It is contended by counsel for appellee, on the other hand, that the "Judicial, Administrative, and Legislative History of More Than Thirty Years Supports the Decision of the Court Below."

At the time of the oral arguments in this court, it was properly conceded by counsel for the Government that the involved merchandise was, in fact, an herb. See Webster's New International Dictionary; Funk & Wagnalls New Standard Dictionary; Encyclopedia Britannica, 14 Ed. Vol. 11, p. 474, and Vol. 14, p. 909.

Paragraph 287 of the tariff act of 1897 provided, among other things, for "spices not specially provided for in this Act, 3 cents per pound." A similar provision was contained in paragraph 298 of the tariff act of 1909. Under those acts, the Board of General Appraisers (now United States Customs Court) held that marjoram, savory, and thyme leaves, dried, and imported in bulk were not spices, and were not dutiable as such under paragraphs 287 and 298, *supra*, but were free of duty as crude drugs under paragraphs 548 and 559, respectively, of those acts. *In re Oppenheimer & Co. et al.*, 6 Treas. Dec. 62, T. D. 24173, G. A. 5266, and cases cited; *In re Parke, Davis & Co.*, 17 Treas. Dec. 595–601, T. D. 29887, Abstract 21547; *In re Reiss & Brady*, 19 Treas. Dec. 467–470, T. D. 30585, Abstracts 23177 and 23178; *In re Reiss & Brady*, 21 Treas. Dec. 133–137, T. D. 31813, Abstract 26276.

At the time paragraph 235 of the tariff act of 1913 was being formulated, the attention of the Congress was called to the decision of the Board of General Appraisers (now United States Customs Court) in the case of *In re Reiss & Brady*, T. D. 31813, Abstract 26276, wherein it was held that thyme and savory leaves were not dutiable as spices under paragraph 298 of the tariff act of 1909, but were free of duty as crude drugs under paragraph 559 of that act, the court citing as authority for its decision the case of *In re Reiss & Brady*, T. D. 30585, Abstract 23178, wherein it was held that thyme, *marjoram*, and savory leaves were not dutiable as spices under paragraph 287 of the tariff act of 1897, but were free of duty as crude drugs under paragraph 548 of that act. See Report to Accompany H. R. 3321, which later became the tariff act of 1913, A Bill to Reduce Tariff Duties to Provide Revenue for the Government and for other Purposes, at page 609.

It will be observed that the Congress included in paragraph 235 of the tariff act of 1913 "all herbs or herb leaves in glass or other small packages for culinary use."

Although it is asserted in the brief of counsel for appellee that it was the uniform administrative practice, under the tariff acts of 1913

and 1922, to accord free entry to marjoram leaves when imported in bulk or packed in bales, there is no evidence of record to that effect.

It is so well settled that long-continued administrative practice must be established in order that the doctrine of legislative approval thereof may be invoked, that we deem it unnecessary to cite authorities on the subject.

The crude drug paragraphs of the tariff acts of 1913 and 1922— paragraphs 477 and 1567, respectively—were substantial reenactments, so far as the issues here are concerned, of paragraph 559 of the tariff act of 1909. However, paragraph 34 of the Tariff Act of 1922 contained a new provision, not present in the tariff acts of 1897, 1909, and 1913, expressly limiting the operation of that paragraph, and the crude drug paragraph 1567. It read:

* * * the term "drug" wherever used in this Act shall include only those substances having therapeutic or medicinal properties and chiefly used for medicinal purposes.

Paragraph 34 of the Tariff Act of 1930 contains a like provision.

Accordingly, although it might be held that the Congress, in enacting the tariff act of 1913, intended to give legislative approval to the decisions of the Board of General Appraisers (now United States Customs Court) in the cases of *In re Reiss & Brady, supra,* except that it intended to provide that herbs and herb leaves imported in glass or other small packages for culinary use should be dutiable under paragraph 235 of that act, we are unable to hold that such a legislative purpose is evidenced by the drug provisions of the Tariff Acts of 1922 and 1930. On the contrary, the tariff status of herbs and herb leaves, such as marjoram, under the Tariff Acts of 1922 and 1930, depended not on their classification under prior tariff acts, but rather, if imported in bulk or in large packages, on chief use and other considerations.

In this connection, it should be said that the court below did not hold, nor has it been contended by counsel for appellee, that the involved merchandise is free of duty as a crude drug, under paragraph 1669 of the Tariff Act of 1930. However, it is contended by counsel for appellee that the doctrine of legislative approval of judicial decisions was applicable to the involved issues, and that, although the decisions referred to by the court held dried marjoram leaves to be free of duty as *crude drugs* under the tariff acts of 1897 and 1909, the involved dried marjoram leaves were entitled to free entry under paragraph 1722, *supra,* as crude or unmanufactured vegetable substances, not specially provided for.

It might well be argued that the Congress had approved the decisions, *supra,* so far as they held that dried marjoram leaves imported in bulk or in large packages were not dutiable as spices, as stated by

the trial court, but we do not see how it can be properly argued that the Congress intended to approve the classification of such leaves as crude or unmanufactured vegetable substances, not specially provided for, when, so far as we are informed, they never had been so classified prior to the enactment of the Tariff Act of 1930.

As hereinbefore stated, there is no evidence of the use to which the involved merchandise is put, nor is there evidence as to whether it is crude or otherwise. Obviously, it might be crude for some purposes, and not crude for others; e. g., it might be crude within the purview of the drug provisions of paragraph 1669, *supra*, if it had therapeutic or medicinal properties and was chiefly used for medicinal purposes, but it might or might not be "crude or unmanufactured" within the meaning of those terms as used in paragraph 1722, *supra*, when used for other purposes. See *Togasaki & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 463, 465, T. D. 40667.

But it is argued by counsel for appellee the court should take judicial knowledge of the fact that herbs and herb leaves must be dried in order to prevent their deterioration during transportation and storage, and, in support of that proposition, cites a treatise by Joseph K. Jank, entitled "Spices and Herbs" (4th Ed.), and quotes the following excerpt therefrom:

*Herbs* in general contain a smaller percentage of natural moisture. because they have to be dried to the limit in the producing countries. They are often shipped in pressed bales, and of course, would "sweat" and deteriorate during transportation and storage, if not dried properly. As a rule, herbs are powdered for table consumption * * *.

It will be observed that in the quoted excerpt the author was discussing "*Herbs* in general," and stated that, as a rule, they were powdered for table consumption. He also stated, according to the brief of counsel for appellee, that—

Marjoram is used in the drug trade and for culinary purposes in the manufacture of sausage, canned goods, fillings, etc.

So far as we are informed, however, Mr. Jank does not state that marjoram leaves must be dried in order to prevent their deterioration during transportation and storage, when shipped in bales.

Although we do not wish to be understood as approving the collector's classification, we must decline, nevertheless, to assume the existence of facts necessary to establish that the merchandise is properly classifiable as *crude* or *unmanufactured* vegetable substances under paragraph 1722, *supra*, which facts should have been established on the trial of the case.

For the reasons hereinbefore stated, we are of opinion that the trial court reached the wrong conclusion.

The judgment is *reversed*.