(C. D. 1532)

NORTH AMERICAN FOOD DISTRIBUTING CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 10, 1953)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* and *Frank L. Lawrence* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Chauncey E. Wilowski*, special attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: The merchandise in this case consists of 10 cases of sapporo-maki (rolled, dried seaweeds). It was entered at the rate of 5 per centum ad valorem under paragraph1540, Tariff Act of 1930, as amended by General Agreement on Tariffs and Trade, T. D. 51802, as "Moss and sea grass, eelgrass, and seaweeds, if manufactured or dyed." Duty was assessed thereon under the provisions of paragraph 1558 as a nonenumerated manufactured article at the rate of 20 per centum. ad valorem.

At the trial, it was stipulated and agreed between counsel for both sides that the merchandise consisted of rolled, dried kelp, seasoned with soy and sugar, and having in the center of each roll a small piece of fish. The bundles were agreed to be approximately 3 inches in length and each tied with a small piece of grass, the kelp being in chief value.

The plaintiff contends that the commodity in question is either directly dutiable under paragraph 1540, *supra*, or else dutiable thereunder by virtue of the mixed-material clause in paragraph 1559, providing:

* * * and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; and the words "component material of chief value," wherever used in this Act, shall be held to mean that component material which shall exceed in value any other single component material of the article; *and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article.* If two or more rates of duty shall be applicable to any imported article, it shall be subject to duty at the highest of such rates. [Italics not quoted.]

It is contended that sapporo-maki is not a nonenumerated manufactured article because it is enumerated as "seaweeds, if manufactured," citing *United States* v. *Nippon Co. et al.*, 32 C. C. P. A. (Customs) 164,

C. A. D. 303, holding that seaweeds, variously processed, were within the provisions of paragraph 1540, rather than within the provision for vegetables, prepared.

Regarding the stipulated facts that the component material of chief value was kelp, plaintiff contends that kelp is a seaweed, as held in *Geo. S. Bush & Co., Inc.* v. *United States*, 6 Cust. Ct. 284, C. D. 484, and, being a seaweed it is enumerated and thus properly dutiable as seaweed, manufactured. In the event that paragraph 1540 is held not to include seaweed, combined with another material, as at issue here, it is further contended that under the provisions of paragraph 1559, it would be assessed thereunder as "seaweeds, if manufactured or dyed," as if composed wholly of the component material thereof of chief value.

Counsel for the Government contends that the case of *K. Togasaki & Co.* v. *United States*, 60 Treas. Dec. 1225, Abstract 17104, is on all fours with the case at bar, involving practically the same merchandise; and that paragraph 1559 is not applicable.

The first question arising is whether or not the merchandise at issue is properly dutiable under paragraph 1540, as amended, as "seaweeds, if manufactured or dyed." The agreed statement of facts discloses that the commodity consists of a combination of two articles, one of which is "a rolled, dried kelp, seasoned with soy and sugar," and the other is "a small piece of fish." The free list provides in paragraph 1705 for "Kelp" which would include kelp in all its forms.

In *Ishimitsu* v. *United States*, 11 Ct. Cust. Appls. 186, T. D. 38963, the issue involved seaweed, boiled with shoyu, and packed in hermetically sealed tins. It was claimed dutiable as seaweeds, manufactured, but was held not to be manufactured. In *Togasaki & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 463, T. D. 40667, the issue involved seaweed, cooked with shoyu and sugar, then placed in tin cans and again boiled, after which the cans were hermetically sealed. The appellate court held that such merchandise was not a manufactured seaweed. The case of *United States* v. *Nippon Co. et al.*, *supra*, involved dried seaweed—nori—and dried kelp—konbu. The konbu was in three forms, a wide kelp, one a trifle narrower, and a shredded or shaved kelp. All were assessed as prepared vegetables and were claimed free as crude seaweeds or as kelp, or, if dutiable, as seaweeds, manufactured. The trial court held the konbu free of duty as kelp but the nori dutiable as seaweeds, manufactured. Upon appeal, the Government contended that the nori was more specifically provided for as vegetables, prepared, and that the konbu was something more than kelp. The appellate court stated that the steps taken in the preparation of the nori were manufacturing steps such as would remove it from its crude state, although it still remained seaweed and would properly respond to the term "seaweeds, * * *

manufactured," and held that such term was a narrower classification than vegetables, prepared. The appellate court was also of the opinion that the various kinds of kelp, even with the addition of monosodium glutamate, were not changed into something other than kelp. It was still kelp and properly within the *eo nomine* provision therefor.

The merchandise at issue, respecting the material in chief value, comes within the broad classification of seaweed. Under the decision in the *Nippon* case, *supra*, for seaweed, seasoned with monosodium glutamate, such article would be more specifically provided for as "seaweeds * * * manufactured." Here, however, the article also contains a piece of fish, which would make it something more than seaweeds, manufactured, and the foregoing cases involving a manufactured seaweed would not be applicable. In the *Togasaki* case, *supra* (Abstract 17104), canned seaweeds, described as fish wrapped in seaweed, prepared or preserved in hermetically sealed tins for edible purposes, were held to be dutiable as nonenumerated manufactured articles. If the merchandise before us came within the broad classification of seaweeds, it still would be excluded from the paragraph for seaweeds, manufactured. The claim that the merchandise is directly dutiable under paragraph 1540 is, therefore, overruled.

The next question arising is whether or not the merchandise is dutiable under that paragraph, by virtue of the higher rate provision in paragraph 1559, *supra*. The case of *Geo. S. Bush & Co., Inc., supra*, relied upon by the plaintiff, involved a kelp meal, which had been ground and dried in preparation to use as a feed. For the reason that the original kelp had lost its identity as kelp and became a material manufactured from kelp, a seaweed meal, it was held properly dutiable as seaweeds, manufactured. (This case was reversed in 29 C. C. P. A. 264, C. A. D. 200.) We have an entirely different situation here before the court. In the first place, the seaweed has not lost its identity. It is still kelp, and the evidence establishes that kelp is in chief value. Kelp is a much more narrow classification than seaweeds, as indicated by the court in the *Geo. S. Bush* case, *supra*. In the *Nippon* case, *supra*, kelp, to which had been added monosodium glutamate, was held not to be changed into something other than kelp. If the imported commodity were "composed wholly of the component material thereof of chief value," that is, kelp, it would be free of duty. There being an *eo nomine* provision for kelp, it could not be relegated to the provision for "seaweeds * * * manufactured" in paragraph 1540. It will be noted that the proviso in paragraph 1559 applies to articles not enumerated, manufactured of two or more materials, but sets out specifically that duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly

of the component material thereof of chief value. .Kelp is on the free list, and no duty at the highest rate is applicable thereto. Therefore, the proviso in paragraph 1559, relied upon by the plaintiff, has no application.

Inasmuch as the merchandise at issue is admitted to be a manufactured article, and it is not enumerated or provided for in the act, it is the holding of this court that it was properly assessed with duty by the collector as a nonenumerated manufactured article under paragraph 1558. Judgment will therefore be entered· in favor of the Government.