**No. 57392.**—R. C. Wehling Co. *v.* United States, protests 171900–K and 172528–K (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc. (Alltransport, Incorporated)* v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiff was sustained.

**No. 57393.**—Pacific Mutual Sales, Inc. *v.* United States, protest 161617–K (San Francisco).

JOHNSON, Judge:   The merchandise in this case consists of five cases of ajitsuke-kobumaki. rolled kelp, seasoned.   Duty was assessed thereon at the rate of 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930 as nonenumerated manufactured articles.   The plaintiff claims that the merchandise is free of duty under paragraph 1705 as kelp, or under paragraph 1722 as crude seaweeds, or, if dutiable, it is dutiable at the rate of 5 per centum ad valorem under paragraph 1540, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, either directly or by virtue of the mixed-material clause in paragraph 1559, as "seaweeds, if manufactured or dyed."

At the trial it was stipulated and agreed between counsel for both sides that the merchandise, ajitsuke-kobumaki, is a rolled, dried kelp, seasoned with sugar and monosodium glutamate, and that inside of each roll is a small piece of herring, the kelp being in chief value.

The same contentions are made in this case as in the case of *North American Food Distributing Co.* v. *United States*, 30 Cust. Ct. 270, C. D. 1532, decided concurrently herewith, and the same briefs cover both cases.

Following the decision of this court in the foregoing case, we hold that the merchandise is properly dutiable as assessed by the collector.   Judgment will therefore be entered in favor of the Government.