(C. D. 1556)

MODERN FOOD PRODUCTS CO. ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 12, 1953)

*Lawrence, Tuttle & Harper* (*Frank L. Lawrence* of counsel) for the plaintiffs.
*Warren E. Burger*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: These protests, consolidated at the trial, involve merchandise described on the invoices as "Bottled Seaweed Prepared (Nori Tsukudani)," "Bottled Nori-Tsukudani (prepared seaweed)," or "Bottled Seasoned Sea Weeds," imported from Japan on various dates between June 7, 1950, and May 13, 1951. The merchandise was classified under paragraph 775 of the Tariff Act of 1930, as prepared vegetables, and assessed at 17½ per centum ad valorem or 35 per centum ad valorem, in accordance with the rate of duty in effect at the date of entry. Several claims are made in the protests, but the one relied upon is that the merchandise is dutiable as seaweed, manufactured, at 5 per centum ad valorem under paragraph 1540 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802.

The pertinent provisions of the tariff act are as follows:

PAR. 775. Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; * * * 35 per centum ad valorem; * * *.[1]

PAR. 1540. Moss and sea grass, eelgrass, and seaweeds, if manufactured or dyed, 10 per centum ad valorem.[2]

At the trial, there was received into evidence on motion of the plaintiffs the collector's report in protest No. 191724–K and on motion of the defendant the official file in each of the consolidated cases. It was agreed that the merchandise was the same in all of the cases and that seaweed was the component material of chief value.

The collector's report in protest No. 191724–K describes the merchandise as "Seaweed, Prepared Vegetable (Nori-Tsukudani)" and states as the basis of affirmation of classification that "Nori-Tsukudani is prepared by being dried, cut-up and cooked with soy and sugar. T. D. 40667." Similar statements are found in each of the collector's reports in reply to the protests herein.

The case cited by the collector, *Togasaki & Co.* v. *United States*, 12 Ct. Cust. Appls. 463, T. D. 40667, involved a product called "nori

---

[1] The rate of duty was reduced to 17½ per centum ad valorem as to articles entered, or withdrawn from warehouse, for consumption on and after May 22, 1948, by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909. This concession was withdrawn as of December 11, 1950, T. D. 52587.

[2] This rate was reduced to 5 per centum ad valorem by the General Agreement on Tariffs and Trade, T. D. 51802.

tsukudani," consisting of seaweed which had been dried, cut up, cooked with shoyu [soy] and sugar, and canned. It was held dutiable as a prepared vegetable under paragraph 200 of the Tariff Act of 1913, rather than as seaweed, manufactured, following *Ishimitsu* v. *United States*, 11 Ct. Cust. Appls. 186, T. D. 38963.

The *Ishimitsu* case involved "nori tsukudani," consisting of seaweed boiled with shoyu and canned. In holding that the merchandise was not seaweed, manufactured, the court said that it had not been manufactured *into* anything different than what it first was, a food product, and that while it may have been advanced in condition, it was not a manufacture. The court stated (p. 189):

* * * to constitute a manufacture of a thing, or a thing manufactured, it must appear that something has been produced so changed or advanced in condition from what it was before being subjected to the processing or treatment that whether of only one material or of more than one, it has attained a distinctive name, character or use, different from that originally possessed by the material or materials before being subjected to the manufacturing process.

In commenting upon this case in a more recent decision, *United States* v. *Nippon Co.*, 32 C. C. P. A. (Customs) 164, C. A. D. 303, the court said that the term "manufactured" had there been treated as synonymous with the term "manufactures of" and pointed out that the two terms have since been distinguished. The difference is that a material, manufactured, is one which has been subjected to a manufacturing process but has retained its identity and character as such material, while a manufacture of a material implies the creation of a new article with a new name, character, or use.

The merchandise involved in the *Nippon Co.* case consisted of a seaweed, known as nori, which had been cut or chopped in pieces, put in tubs of water, from which it was dipped and placed upon a screen, and allowed to dry. It was taken from the screen in sheets, flavored with a substance known as monosodium glutamate, folded, and packed for shipment. The court held that the merchandise was still seaweed, but, since it had been subjected to manufacturing efforts, it was seaweed, manufactured, and dutiable under the *eo nomine* provision therefor, which was more specific than that for vegetables, prepared.

In view of this decision, the cases of *Ishimitsu* v. *United States*, *supra*, and *Togasaki & Co.* v. *United States*, *supra*, are no longer controlling.

Defendant contends, however, that plaintiffs have not established the identity of the imported merchandise as seaweed nor shown the process by which it was manufactured. The only proof before us is that contained in the collector's reports and the other papers in the official files. Since these papers were received in evidence without objection, they may be considered by the court and given their

natural probative effect. *W. T. Grant Company* v. *United States*, 38 C. C. P. A. (Customs) 57, C. A. D. 440; *United States* v. *Toledo Museum of Art*, 25 C. C. P. A. (Customs) 373, T. D. 49455. An examination of such papers shows that the merchandise has been referred to throughout as seaweed and has been so described by the collector in his reports. The collector stated further that the merchandise was prepared by being dried, cut up, and cooked with soy and sugar, and counsel for the Government has conceded that it is in chief value of seaweed.

While more specific information about the product might well have been presented, we think the evidence is sufficient to establish *prima facie* that the merchandise is still seaweed and that it has been manufactured by drying, cutting, and cooking. The addition of soy and sugar (flavorings) is comparable to the addition of monosodium glutamate to the merchandise in the *Nippon Co.* case.

We hold, therefore, that the merchandise herein is properly dutiable as seaweed, manufactured, at 5 per centum ad valorem under paragraph 1540 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. The protests are sustained and judgment will be rendered for the plaintiffs.