(C. D. 1464)

SCHOENFELD & SONS *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 15, 1952)

*Sharretts, Hillis & Paley* (*Howard C. Carter* and *Amos B. Sharretts* of counsel) for the plaintiff.

*Charles J. Wagner*, Acting Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: These are protests, consolidated at the trial, against the collector's assessment of duty on merchandise described as dehydrated kibbled onions and dehydrated garlic powder at 17½ per centum ad valorem under paragraph 775 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909, as vegetables, prepared or preserved, or as vegetables, reduced to flour, respectively. It is claimed that both types of merchandise are properly dutiable at 12½ per centum ad valorem under paragraph 781 of the said tariff act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of June 25, 1948, T. D. 51954, as spices, not specially provided for.

.The pertinent provisions of the Tariff Act of 1930, as modified, are as follows:

PAR. 775 [as modified by T. D. 51802 and T. D. 51909]. Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or packed in oil, or prepared or preserved in any other way (except if pickled or packed in salt or brine) and not specially provided for, 17½% ad val.

PAR. 781 [as modified by T. D. 51802 and T. D. 51954]. Spices and spice seeds:

\*          \*          \*          \*          \*          \*          \*

Mixed spices, and spices and spice seeds not specially provided for, including all herbs or herb leaves in glass or other small packages, for culinary use (except bay leaves and marjoram leaves), 12½% ad val.

At the trial there were received into evidence an envelope containing garlic powder, representative of one of the types of merchandise involved herein (plaintiff's exhibit 1), and a can containing material representative of the other type of merchandise involved herein, kibbled onions (plaintiff's exhibit 2). Plaintiff also introduced into evidence a can containing onion flakes (plaintiff's exhibit 3).

Ernest Schoenfeld, half owner of Schoenfeld & Sons, the plaintiff herein, testified that he had been associated with the firm since 1906 and that his duties included buying, selling, and overseeing, as any manager would do. His firm buys and sells spices and canned goods, such as pimentos, which are related to the spice business. He identified plaintiff's exhibit 1 as garlic powder and stated that he had sold this type of merchandise to butchers, bakers, and food manufacturers for almost 40 years. He was asked to describe the use of the product according to his observations and stated:

Well, you can imagine a big tub with meat in it. The meat packer comes along, throws in certain amounts of black pepper, ginger, garlic powder and whatever material he may be requested in the makeup of that baloney or meat preparation.

He had also seen garlic powder used in the preparation of sausage seasoning. He, himself, had used it in making chicken seasoning, chicken powder (so-called curry powder), and in garlic and salt, and those products were used "as any other spice, in addition to meat and whatever they may use it for."

Mr. Schoenfeld testified that he had handled merchandise like plaintiff's exhibit 2 for 15 to 20 years and had sold it to butchers, bakers, and other food manufacturers. He had seen bakers sprinkle it on onion rolls and had seen butchers use it in the same way as garlic powder. He stated that plaintiff's exhibits 1 and 2 are pungent and appetizing substances, which give relish to food and gratify the taste.

The witness testified that merchandise such as plaintiff's exhibit 3 (onion flakes) is used mainly by soup manufacturers where the onion must show; that he had tried to sell merchandise such as plaintiff's exhibit 2 (kibbled onions) to soup manufacturers, but it had been returned.

On cross-examination, Mr. Shoenfeld stated that kibbled onion is made from the natural onion by drying it and chopping it or grinding it into a coarse form, while onion flakes or sliced dehydrated onions are made by slicing onions and then drying them; that the slices are a little larger than the silver dollar; and that much more care is used in making the latter product. He stated further that fresh onions differed in taste from dried onions or onion powder and could not be used for the same purposes. He added that if sliced onions were used on onion rolls instead of kibbled onions, "it would look awfully funny," and that kibbled onions are used in the meat industry, but onion flakes could not be as they would tickle the throat. The witness stated further that kibbled onion is used to give taste to canned meats, stuffed fish, and other food preparations; that some people prefer this product to onion powder as it is coarser.

Milton Freeman, a salesman in the employ of Schoenfeld & Sons, testified that he had been familiar with merchandise like plaintiff's exhibits 1 and 2 since 1937 and that he knew of their use from his contacts with meat packers and food manufacturers. He stated:

Exhibit One, the garlic powder, is sometimes mixed with water to give it additional weight and make it more easily applicable to the meat product. Then it is put right into the chopper with the meat; trimmings, spices, salt and your meat product is that way prepared.

The witness said that garlic powder, kibbled onion, and onion powder are used in the same way. However, onion powder and garlic powder are used by manufacturers of Worcestershire sauce but kibbled onions are not. Meat packers use the kibbled or the powdered product depending upon whether they want a piece of onion showing or not. Ketchup manufacturers use powder in preference to kibbled onion. Mr. Freeman said that both plaintiff's exhibit 1 and plaintiff's exhibit 2 are appetizing and pungent substances, which give relish to food and gratify the taste.

On plaintiff's motion, the testimony of Lloyd M. Trafford and that of Charles Schnurman in the case of *Charles T. Wilson Co., Inc.* v. *United States*, 38 C. C. P. A. 19, C. A. D. 433, were incorporated herein. On defendant's motion, the testimony of Technical Sergeant Joseph Meinohl in the same case was also incorporated herein.

The products involved in the *Wilson* case were dehydrated onion powder and dehydrated sliced onions. The witness Trafford testified that powdered onions were prepared by dehydrating onions and grinding them, and sliced onions were prepared by slicing onions and running them through a dehydrator. He said that onion powder was used in food seasonings as a spice and that both onion powder and sliced dehydrated onion are pungent and appetizing substances, which give relish to food and gratify the taste.

The witness Schnurman testified that he had seen sausage manufacturers use onion powder in making sausage and that in the trade it is referred to as a seasoning or flavor and is considered a spice.

The testimony of Technical Sergeant Meinohl was summarized by the Court of Customs and Patent Appeals in its opinion in the *Wilson* case as follows:

> The testimony of the witness Meinohl was to the effect that normally fresh onions were used in the preparation of specified dishes but when fresh onions could not be obtained dehydrated onions were used in field operations and overseas duty as an effective substitute for the fresh onions; that the fundamental use of dehydrated onions in such instances was that of a vegetable; and that dehydrated onions or onion powder gives a relish to food by improving the flavor and appetite.

It was held in the *Wilson* case that the sliced dehydrated onions there involved were properly dutiable under paragraph 775 of the Tariff Act of 1930 as vegetables, prepared, since the testimony of the Government witness (Technical Sergeant Meinohl) outweighed the evidence offered by the importer tending to establish that sliced dehydrated onions were chiefly used as a spice. It was held, however, that onion powder was properly dutiable under paragraph 781 as a spice, since the evidence established that it was used exclusively by sausage manufacturers and housewives as a spice to season food.

The court stated in the course of its opinion that the determination of whether an article is to be classified as a vegetable or as a spice involves consideration of the principal use to which the article is put. The Government contends in this case, however, that it was the intent of Congress, in enacting paragraph 775 of the Tariff Act of 1930, to provide therein for all vegetables in the form and condition therein described and not specially provided for, and that, therefore, the doctrine of classification by use is not applicable. It is pointed out in the Government's brief that the Summary of Tariff Information, 1929, page 1445, states with reference to paragraph 773 of the Tariff Act of 1922, the predecessor of paragraph 775 of the present act, that:

> This paragraph includes all prepared or preserved vegetables not elsewhere provided for.  *  *  *

The defendant also refers to *United States* v. *Wing Chong Lung Co. et al.*, 33 C. C. P. A. 36, C. A. D. 312, wherein it was held that turnips which had been sliced, dried, salted, and packed were dutiable as vegetables, prepared, under paragraph 775 of the Tariff Act of 1930, rather than under paragraph 773 as turnips, and *K. Togasaki & Co.* v. *United States*, 23 C. C. P. A. 342, T. D. 48197, wherein it was held that bean flour was dutiable under paragraph 775 of said act as a vegetable, reduced to flour, rather than under paragraph 765 as beans, prepared. Neither of these cases involved a classification by use.

When the *Wilson* case was before this court, we held that both the onion powder and the sliced dehydrated onions were dutiable under paragraph 775 as prepared vegetables and not under paragraph 781 as spices. *Charles T. Wilson Company, Inc.* v. *United States*, 22 Cust. Ct. 73, C. D. 1163. In the course of the decision, we stated (p. 79):

The spices enumerated in paragraph 781 of the Tariff Act of 1930 are articles used primarily for seasoning and for the most part have no vegetable use. As to the provision for spices and spice seeds, not specially provided for, the Summary of Tariff Information, 1929, states (p. 1511):

The more important of the spices not specially provided for are thyme leaves, marjoram leaves, and bay leaves. They are all used for flavoring foods; in the pickling industry; and medicinally.

This indicates that Congress did not intend to classify ordinary vegetables, even when used as seasoning because of their pungent flavor, as spices, but included articles primarily used for seasoning and having little or no vegetable use.

However, the Court of Customs and Patent Appeals reversed our decision as to onion powder and held that the doctrine of classification by use was applicable. *Charles T. Wilson Co., Inc.* v. *United States*, 38 C. C. P. A. 19, C. A. D. 433. The court referred to the Government's argument that vegetables, such as onions, cannot become spices merely by the processes of preparation, and to the holding of this court that onion powder is equivalent to onion flour and, therefore, dutiable under paragraph 775 as a vegetable, reduced to flour. It held, however, that the merchandise was a spice, stating, "appellant's evidence to the effect that it is a spice, exclusively used as such, by sausage manufacturers and housewives to season foods, has not been successfully controverted by the Government." On the other hand, sliced dehydrated onions were held dutiable as vegetables, prepared, on the ground that the evidence was insufficient to establish that they were chiefly used as a spice.

It is clear from this decision that our appellate court found the doctrine of classification by use controlling even though the products involved might also fall within the provisions of the prepared vegetable paragraph, paragraph 775.

We turn now to the products involved in the case at bar, garlic powder and kibbled onions. The plaintiff's two witnesses testified that they found both products to be pungent, appetizing substances, which give relish to food and gratify the taste. "Spice" is defined in Webster's New International Dictionary as follows:

4. An aromatic or savory article of food; a pungent or appetizing eatable or seasoning;—now only of condiments (see def. 5), * * *.

5. Specif.: Any of various aromatic vegetable productions, as pepper, cinnamon, nutmeg, mace, allspice, ginger, cloves, etc., used in cookery to season food and to flavor sauces, pickles, etc.; a vegetable condiment or relish, usually in the form of a powder; also, such condiments collectively.

The garlic powder herein appears to be a product similar to the onion powder involved in the *Wilson* case. The uncontradicted testimony establishes that it is used in the manufacture of sausage, meat preparations, and sausage and chicken seasonings as a flavoring. It is, therefore, classifiable as a spice in the same manner as onion powder was held to be so classifiable in the *Wilson* case.

Plaintiff's exhibit 3 consists of a product known as onion flakes or sliced dehydrated onions, which may be similar to the sliced dehydrated onions involved in the *Wilson* case. However, the merchandise involved herein is known as kibbled onions (plaintiff's exhibit 2). It consists entirely of small pieces of onion, whereas plaintiff's exhibit 3 contains various-sized onion slices, some being about the size of a quarter and many being smaller. The evidence indicates that the two products are not used by the same persons or for the same purposes. Since it is not clear that the sliced dehydrated onions involved in the *Wilson* case are the same as or similar to the kibbled onions involved herein, the testimony of Technical Sergeant Meinohl in that case is not of probative value in determining the question now before us.

The testimony herein establishes that kibbled onions are pungent and appetizing substances, which give relish to food and gratify the taste, and that they are used by bakers on onion rolls, by butchers and food processors in the manufacture of sausages, and to give taste to canned meats, stuffed fish, and other food preparations. No use other than as a seasoning has been shown by the evidence. In accordance with the principle of the *Wilson* case, this merchandise is properly classifiable as a spice.

On the record herein, we hold that both dehydrated garlic powder and dehydrated kibbled onions are properly dutiable at 12½ per centum ad valorem under paragraph 781 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of June 25, 1948, T. D. 51954, as spices, not specially provided for.

The protests are sustained and judgment will be rendered accordingly.