UNITED STATES *v.* SCHOENFELD & SONS, INC. (No. 4881)[1]

United States Court of Customs and Patent Appeals, May 7, 1957

*George Cochran Doub,* Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Henry J. O'Neill,* trial attorney, of counsel), for the United States.

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for appellee.

*Pope, Ballard & Loos* and *John Breckinridge* (*Karl D. Loos, Alexander M. Heron,* and *John A. Curtiss* of counsel) *amici curiae.*

[Oral argument April 3, 1957, by Mr. FitzGibbon and Mr. Carter]

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, C. D. 1773, sustaining the importer's protest as to merchandise described as onion powder and garlic powder, and holding such merchandise to be properly classifiable as spices under paragraph 781 of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909. The merchandise had been classified by the collector as vegetables cut, sliced, or otherwise reduced in size, or reduced to flour, or prepared or preserved in any other way and not specially provided for, under paragraph 775 of said Act. The protest originally included a third product known as "kibbled onions." The Customs Court sustained the collector's classification as to that product and no appeal was taken.

---

[1] C. A. D. 657.

The pertinent portions of the statutes read:

Paragraph 775, Tariff Act of 1930, as modified, *supra*:

Vegetables * * * if cut, sliced or otherwise reduced in size, or if reduced to flour * * *, or prepared or preserved in any other way and not specially provided for; * * *                                          17½% ad val.

Paragraph 781, Tariff Act of 1930, as modified, *supra*:

* * * mixed spices, and spices and spice seeds not specially provided for, including all herbs or herb leaves in glass or small packages, for culinary use * * * 12½% ad val.

This appeal involves a retrial of issues passed on by this court in *Charles T. Wilson Co., Inc.* v. *United States*, 38 C. C. P. A. (Customs) 19, C. A. D. 433, and by the Customs Court in *Schoenfeld & Sons* v. *United States*, 29 Cust. Ct. 177, C. D. 1464. The records in those cases have been incorporated here. Here, as there, the question as to whether the merchandise is to be regarded as a vegetable or a spice depends largely on the nature of the uses to which it is put.

The *Wilson Co.* case involved onion powder apparently identical with that here, which was classified by the collector, and affirmed by the Customs Court, as vegetables under paragraph 775. This court, one judge dissenting, reversed on the ground that "appellant's evidence to the effect that it [the powder] is a spice exclusively used as such by sausage manufacturers and housewives to season foods, has not been successfully controverted by the Government," and held that the powder should be classified as a spice.

In the *Schoenfeld & Sons* case the Customs Court, following the reasoning of the *Wilson Co.* case, held that both onion powder and garlic powder were classifiable as spices rather than as vegetables.

In the instant case the Government has sought to overcome the lack of evidence noted by the court in the *Wilson Co.* case by calling twenty-three witnesses, most of whom have had extensive experience in the food industry. Much of their testimony relates to events subsequent to June 17, 1930, the date of enactment of the Tariff Act of 1930, but the evidence as a whole clearly shows there has been no material change in the manner of using onion powder and garlic powder since that date, nor does appellee contend any such change has taken place. Moreover, the evidence, in our opinion, is ample to show that, prior to June 17, 1930, onion powder and garlic powder were extensively used to replace raw onions and garlic, respectively, in gravies, soups, sauces, relishes, salads, and pickles, as well as sausages and various meat dishes.

It is contended by the Government that the uses just described are uses of the onion and garlic powders as vegetables rather than as spices. As to that matter, the testimony of the witnesses was in conflict, but most of those who expressed opinions regarded the use as that of a vegetable flavoring rather than a spice.

In the *Wilson Co.* case the following definitions from Webster's New International Dictionary, Second Edition, were quoted by this court:

Spice, *n.* 4. An aromatic or savory article of food; a pungent or appetizing eatable or seasoning;—now only of condiments (see def. 5), except in *Dial. Eng.*, in which the word is applied to such things as gingerbread, sweetmeats, confectionery, currants, raisins, and other dried fruits.

*Specif.*: 5. Any of various aromatic vegetable productions, as pepper, cinnamon, nutmeg, mace, allspice, ginger, cloves, etc., used in cookery to season food and to flavor sauces, pickles, etc.; a vegetable condiment or relish, usually in the form of a powder; also, such condiments collectively.

The same dictionary defines "condiment" as "Something used to give relish to food, and to gratify the taste; usually a pungent and appetizing substance as pepper or mustard; seasoning."

While the word "vegetable" broadly means a plant, its use in a tariff sense has been consistently limited to the edible portions of plants. Thus in *United States* v. *Wallace et al.*, 4 Ct. Cust. Appls. 142, T. D. 33413, the court said:

The foregoing decisions indicate that in the tariff acts the word "vegetables" has not been employed in a strictly botanical sense, but rather has been applied to those articles of food which constitute in common acceptation the vegetable part of a repast.

Similarly in *Togasaki & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 463, T. D. 40667, it was said that "if it is eaten as a food and as other well-known vegetables, it is a vegetable." In considering the distinction between fruits and vegetables in *Nix* v. *Hedden*, 149 U. S. 304, the Supreme Court stated that vegetables are "usually served at dinner in, with or after the soup, fish or meats which constitute the principal part of the repast and not, like fruits, generally as dessert."

It is obvious from the cited cases and quoted definitions that there is a certain degree of overlapping between the terms "vegetables" and "spice," since there are a number of vegetables such as onions, garlic, and parsley which are extensively used to flavor or give relish to food and to gratify the taste. The same is true of pimientos which, in *Austin, Nichols & Co. et al.* v. *United States*, 6 Ct. Cust. Appls. 9, T. D. 35249, were held to be vegetables notwithstanding the fact they were often used as a garnish.

There can be no doubt that onions are vegetables and, as was held in the *Wilson Co.* case, they remain vegetables even though dehydrated and reduced in size to onion flakes or "kibbled onions." That holding is not in controversy here. Moreover, since paragraph 775 includes vegetables "if cut, sliced or *otherwise reduced in size, or if reduced to flour*," (italics ours) it is evident that the mere reduction of onions or garlic to a powder such as that here does not, in itself, remove them from the provisions of that paragraph or convert them

to anything other than vegetables.   Accordingly, in order to support a holding that onions and garlic, when powdered, are no longer vegetables, it would be necessary to find that the powders have significantly different uses from the original vegetables.

In our opinion the evidence here fails to establish that the uses of onion and garlic powders are so different from those of onions and garlic as to justify a holding that the powders are not vegetables. While onion and garlic powders are not used alone as vegetable dishes, their uses closely parallel those of the vegetables themselves, since onion and garlic are commonly used for flavoring soups, meats, salads and other dishes.   In fact, the testimony shows a number of specific instances in which the powders are used as a replacement for the corresponding fresh vegetables.   Obviously it cannot properly be held that when raw onions or raw garlic are used to flavor foods, they are spices, *per se*, and there seems to be no sufficient reason why those vegetables, when reduced to powders and used for the identical purposes, should be held to be spices.

While it is conceivable that a mere change in the form or condition of a vegetable might alter it to such an extent that it would no longer be classifiable as a vegetable, the presumption is to the contrary, especially in view of the broad language of paragraph 775 which includes vegetables in various forms.   Where, as here, the vegetable, when changed in form, retains its identity and flavor and is not used for purposes for which the original vegetable was not used, we find no sufficient reason for regarding it as other than a vegetable.

Various secondary matters allegedly bearing on the question at issue have been cited by the parties.   Thus, appellee notes that onion and garlic powders are frequently sold by dealers in spices, and that in the President's proclamation of the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, there is a reference to onion powder under paragraph 781, which is the spice paragraph; while the Government points out that the record indicates that neither of those powders is considered as a spice in the administration of the Pure Food and Drug Act.   We have given consideration to those matters, but do not find them to be of such a nature as to justify a conclusion differing from that indicated above.

Our decision in the *Wilson Co.* case was, of course, based on the evidence there presented, which we held to show use of onion powder only as a spice.   On the basis of the additional evidence now of record we conclude that both onion powder and garlic powder are vegetables *reduced in size* and are properly classifiable under paragraph 775. Our decision in the *Wilson Co.* case is accordingly overruled insofar as it is in conflict with the views expressed herein.

The judgment of the United States Customs Court is *reversed*.

O'CONNELL, J., dissents.

JACKSON, J., Retired, recalled to participate herein in place of COLE, J., absent because of illness.